**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BRANDON BURGESS,<br><br>Plaintiff,<br><br>v.<br><br>USD 385,<br><br>Defendant. | Case No. 26-1141-DDC-BGS |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Brandon Burgess's Motion for Extension of Time to Effectuate Service (Doc. 5). Plaintiff filed his Complaint and Motion to Stay Proceedings Pending Exhaustion of Administrative Remedies (Doc. 3) on May 21, 2026. On May 26, 2026, the Court stayed briefing on the Motion to Stay pending service, advised Plaintiff that he remained responsible for timely serving Defendant, and set a service deadline of August 19, 2026. *See* Doc. 4. Plaintiff now requests a 60-day extension, through October 18, 2026, because certified transcripts, post hearing briefing, and a final decision remain pending in a related IDEA administrative proceeding. Plaintiff explains that he wishes to complete that process before "formally bringing the Defendant into federal court." Doc. 5 at 2.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." But "[i]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If good cause is not shown, the Court must nevertheless consider whether to grant a permissive extension and may, in its

discretion, dismiss the action without prejudice or extend the time for service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

The good-cause requirement is construed narrowly "to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). The Tenth Circuit likewise affirmed a finding of no good cause where the plaintiffs "waited, apparently for strategic reasons, until the perceived last possible moment to serve defendant." *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996).

Plaintiff has not established good cause. He identifies no obstacle to serving Defendant and describes no effort to accomplish service. The ongoing administrative proceeding does not prevent service. Rather, Plaintiff has made a deliberate litigation choice to postpone service until that proceeding concludes. That strategic preference does not demonstrate the meticulous effort required to establish good cause.

Nevertheless, Plaintiff filed his motion before the service deadline, which is now imminent. The Court therefore exercises its discretion to grant Plaintiff an additional 30 days, until **September 18, 2026**, to serve Defendant. No further extensions will be granted absent a showing of good cause.

As previously indicated, the Court stayed briefing on Plaintiff's Motion to Stay Proceedings pending service on Defendant. The Court declines to determine whether a stay is appropriate without the benefit of Defendant's position, and it does not intend to leave the motion pending indefinitely while service is completed. Accordingly, exercising its inherent authority to manage its docket, the Court denies the Motion to Stay without prejudice to refiling after Defendant has been served and entered an appearance. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (recognizing district courts' inherent authority to manage their dockets and courtrooms "with a view toward the efficient

and expedient resolution of cases"). Once Defendant appears, the Plaintiff may refile the motion to stay, or the parties may jointly request a stay if they conclude that one is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to Effectuate Service (Doc. 5) is **GRANTED IN PART and DENIED IN PART**. Plaintiff must serve Defendant by **September 18, 2026**. Plaintiff's request for an extension through October 18, 2026, is denied. No further extension will be granted absent a showing of good cause.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings Pending Exhaustion of Administrative Remedies (Doc. 3) is **DENIED without prejudice** to refiling after Defendant has been served and appears in the case.

**IT IS SO ORDERED**.

Dated August 17, 2026, at Wichita, Kansas.

/S/ Brooks Severson
Brooks G. Severson
United States Magistrate Judge